MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:    (212) 317-1200
Facsimile:    (212) 317-1620
*Attorneys for Plaintiffs*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

OMAR CORONA, *individually and on behalf
of others similarly situated,*

                              *Plaintiffs,*

              -against-

BROTHER JIMMY'S BBQ, INC., DINING
ENTERTAINMNET GROUP, LLC, THIRD
AVENUE BROTHER JIMMY'S, LLC. d/b/a
BROTHER JIMMY'S BBQ, and JOSH
LEBOWITZ,

                              *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Omar Corona, individually and on behalf of others similarly situated

(collectively the "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates,

P.C., upon their knowledge and belief, and as against Defendants Brother Jimmy's BBQ, Inc.,

Dining Entertainment Group, LLC, Third Avenue Brother Jimmy's, LLC, d/b/a Brother Jimmy's

BBQ (hereinafter "Brother Jimmy's BBQ"), and Josh Lebowitz, (collectively the "Defendants"),

allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff is a former employee of Brother Jimmy's BBQ, Inc., Dining Entertainment Group, LLC, Third Avenue Brother Jimmy's, LLC (hereinafter "Brother Jimmy's BBQ"), and Josh Lebowitz, who own and operate Brother Jimmy's BBQ.

2.      Defendant Brother Jimmy's BBQ, by and through its owners, operates a chain of Sothern barbecue restaurants at various locations throughout Manhattan, New York, New York under the name of Brother Jimmy's BBQ.

3.      Defendant Brother Jimmy's BBQ is owned and operated by individual Defendant Josh Lebowitz, as Brother Jimmy's BBQ's Chairman and/or Chief Executive Officer.

4.      Upon information and belief, individual Defendant Josh Lebowitz, serves as owner, principal or agent of Defendant Brother Jimmy's BBQ.

5.      At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiffs to work in excess of forty (40) hours per week without paying them the minimum wage and overtime compensation required by federal and state laws.

6.      Plaintiff now brings this action on behalf of themselves, and other similarly situated individuals, to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.*, and liquidated damages, interest, attorneys' fees, and costs, and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order").

- 2 -

7.    Plaintiff seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

9.    Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendant Brother Jimmy's BBQ, by and through its owners, operates one restaurant located in this district, and exists under the laws of the State of New York. Further, Plaintiff was employed by Defendants in this district.

## THE PARTIES

### *Plaintiff Omar Corona*

10.    Plaintiff Omar Corona ("Plaintiff Corona" or "Mr. Corona") is an adult individual residing in New York County, New York.

11.    Plaintiff Corona had been employed by the Defendants from approximately 2001 until June 8, 2009. However for purposes of the Statute of Limitations, this action concentrates on the time period from approximately August 2003 until June 8, 2009.

12.    Plaintiff Corona was stationed at the Brother Jimmy's restaurant located at 1644 3rd Avenue, New York, New York 10128.

13.   Plaintiff Corona's duties included (and have included for all times relevant to this action), preparing and cooking the menu items.

14.   Plaintiff Corona's work duties required neither discretion nor independent judgment.

15.   From approximately August 2003 until June 8, 2009, Plaintiff Corona regularly worked in excess of 40 hours per week.

16.   Throughout his employment with the Defendants, Plaintiff Corona worked a shift from 1:30 p.m. to 12:00 a.m., Thursdays through Mondays (with Tuesdays and Wednesdays off).

17.   From approximately August 2003 until September 2003, Plaintiff Corona was paid $850.00 biweekly (approximately $425.00 per week). From approximately September 2003 until February 2005, Mr. Corona was paid $1,000.00 biweekly (approximately $500.00 per week). From approximately February 2005 until July 2005, Mr. Corona was paid $1,100.00 biweekly (approximately $550.00 per week). From approximately July 2005 until December 2006, Mr. Corona was paid $1,150.00 biweekly (approximately $575.00 per week). From approximately December 2006 until December 2007, Mr. Corona was paid $1,327.81 biweekly (approximately $663.91 per week). Then commencing in 2008, Plaintiff Corona was paid his wages on a weekly basis, and he received $663.91 per week until approximately March 2009. From approximately March 2009 until June 2009, Mr. Corona was paid $738.91 per week.

18.   During his employment with the Defendants, Plaintiff Corona was paid with a check.

19.   No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Corona regarding tips and wages as required under the NYLL.

*Defendants*

- 4 -

20.    Defendant Brother Jimmy's BBQ, Inc. ("Brother Jimmy's BBQ" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of southern style/ barbecue restaurants located throughout Manhattan, New York under the name of Brother Jimmy's BBQ, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 544 West 27th Street, New York, New York 10001.

21.    Defendant Dining Entertainment Group, LLC ("Dining Entertainment Group" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of southern style/ barbecue restaurants located throughout Manhattan, New York under the name of Brother Jimmy's BBQ, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 80 State Street, Albany, New York 12207.

22.    Defendant Third Avenue Brother Jimmy's LLC ("Third Avenue Brother Jimmy's" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of southern style/ barbecue restaurants located throughout Manhattan, New York under the name of Brother Jimmy's BBQ, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 544 West 27th Street, New York, New York 10001.

23.    Defendant Josh Lebowitz ("Defendant Lebowitz") is an individual engaged in business in this judicial district. Defendant Lebowitz is sued individually in his capacity as an owner, officer and/or agent of all Defendant Corporations. Defendant Lebowitz possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporation, controls significant functions of Defendant Corporations, determines the wages and

- 5 -

compensation of the employees, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### Defendants Constitute Joint Employers

24.    Brother Jimmy's BBQ, Inc. is a corporation owned, controlled, and operated by Individual Defendant Lebowitz.

25.    Dining Entertainment Group LLC. is a corporation owned, controlled, and operated by Individual Defendant Lebowitz.

26.    Third Avenue Brother Jimmy's LLC. is a corporation owned, controlled, and operated by Individual Defendant Lebowitz.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    In each year from 2003 to the present, the Defendants had gross annual sales of not less than $500,000.

29.    Upon information and belief, Defendant Lebowitz (1) operates Brother Jimmy's BBQ, Inc. as either an alter ego of himself, and/or (2) fails to operate Brother Jimmy's BBQ, Inc. as an entity legally separate and apart from his own self, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate Brother Jimmy's BBQ, Inc. as a corporation, (b) defectively forming or maintaining the corporate entity of Brother Jimmy's BBQ, Inc., by amongst other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all Defendants, (d) operating Brother Jimmy's BBQ, Inc. for his own benefit as the sole or majority shareholder, (e)

- 6 -

operating Brother Jimmy's BBQ, Inc. for his own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of his own with Brother Jimmy's BBQ, Inc., (g) diminishing and/or transferring assets in favor of bankruptcy of the entity to avoid full liability as necessary to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

30.     Upon information and belief, Defendant Lebowitz (1) operates Dining Entertainment Group LLC. as either an alter ego of himself, and/or (2) fails to operate Dining Entertainment Group LLC. as an entity legally separate and apart from his own self, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate Dining Entertainment Group LLC. as a corporation, (b) defectively forming or maintaining the corporate entity of Dining Entertainment Group LLC., by amongst other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all Defendants, (d) operating Dining Entertainment Group LLC. for his own benefit as the sole or majority shareholder, (e) operating Dining Entertainment Group LLC. for his own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of his own with Dining Entertainment Group LLC., (g) diminishing and/or transferring assets in favor of bankruptcy of the entity to avoid full liability as necessary to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

31.     Upon information and belief, Defendant Lebowitz (1) operates Third Avenue Brother Jimmy's LLC. as either an alter ego of himself, and/or (2) fails to operate Third Avenue Brother Jimmy's LLC. as an entity legally separate and apart from his own self, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate Third Avenue

- 7 -

Brother Jimmy's LLC. as a corporation, (b) defectively forming or maintaining the corporate entity of Third Avenue Brother Jimmy's LLC., by amongst other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all Defendants, (d) operating Third Avenue Brother Jimmy's LLC. for his own benefit as the sole or majority shareholder, (e) operating Third Avenue Brother Jimmy's LLC. for his own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of his own with Third Avenue Brother Jimmy's LLC., (g) diminishing and/or transferring assets in favor of bankruptcy of the entity to avoid full liability as necessary to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

32.     At all relevant times, Defendants were the Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

### General Employment Practices

33.     Defendants regularly required the Plaintiff to work in excess of forty (40) hours per week without paying him the proper regular rate of pay, overtime wages, or spread of hour compensation.

34.     Plaintiff was paid at or below the minimum wage. As detailed below, Defendants' pay practices resulted in Plaintiff not receiving payment for all of his hours, so his effective rate of pay was reduced below the minimum wage.

35.   Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by neglecting to maintain accurate and complete timesheets and payroll records.

36.   For example, Defendants usually paid the Plaintiff entirely in cash.

37.   Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (1) his full hours worked, (2) for overtime due, and (3) for spread of hours pay.

38.   Defendants did not pay Plaintiff for his full time worked, nor did they pay additional overtime pay.

39.   Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

40.   Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

41.   At all relevant times, Plaintiff, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-

- 9 -

half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA. The claims of Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

42.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

44.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

45.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

46.     Defendants intentionally, or otherwise, failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

47.     Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

48.     Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

49.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50.     Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

51.     Defendants' failure to pay Plaintiff and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

52.     Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

53.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rates and methods of any compensation in exchange for his employment.

55.     Defendants knowingly, or otherwise in violation of the NYLL, paid Plaintiff less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

56.     Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

- 11 -

57.   Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

58.   Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59.   Defendants willfully, or otherwise in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

60.   Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

61.   Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

62.   Plaintiff has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

63.   Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64.   Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New

- 12 -

York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 and 137-3.11.

65.    Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

66.    Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff (including the prospective collective class members);

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff (including the prospective collective class members);

(d)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff (including the prospective collective class members);

(f)     Awarding Plaintiff (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff (including the prospective collective class members)

- 14 -

liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)   Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(i)   Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(j)   Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(k)   Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(l)   Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(m)   Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)   Awarding Plaintiff liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)   Awarding Plaintiff (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiff (including the prospective collective class members) the

expenses incurred in this action, including costs and attorney's fees; and

(q)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 14, 2009

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____
       Michael Faillace [MF-8436]

       110 East 59th Street, 32nd Floor
       New York, New York 10022
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiff*

- 16 -